UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESI GROUP, a foreign corporation, ESI NORTH AMERICA, INC., a Michigan corporation, and ESI US R&D, INC. a Michigan corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WAVE SIX, LLC, a California limited liability company, PHILIP SHORTER, an individual, VINCENT COTONI, an individual, SASCHA MERZ, an individual, and TERENCE CONNELLY, an individual,<br><br>Defendants. | Case No.: 17-CV-02293-AJB-MSB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>(Doc. No. 47) |

Pending before the Court is Plaintiffs ESI Group, ESI North America, Inc., and ESI US R&D, Inc.'s (collectively referred to as "Plaintiffs" or "ESI") motion for leave to amend their complaint. (Doc. No. 47.) Defendants Wave Six, Philip Shorter, Vincent Cotoni, Sascha Merz, and Terence Connelly (collectively referred to as "Defendants") filed an opposition to Plaintiffs' motion. (Doc. No. 49.) For the reasons set forth more fully below, the Court **GRANTS** Plaintiffs' motion.

///

1

## I. BACKGROUND

Plaintiffs contend their copyright protected writings, property, and trade secrets were copied and used by Defendants. (Doc. No. 1 at 1.) Specifically, Plaintiffs allege all four of the individual Defendants worked for ESI at one point in time but left and began working for Wave Six, a direct competitor. (*Id.* at 2.) Moreover, the Plaintiffs claim the individual Defendants used and continue to use Plaintiffs' trade secret file format with their new employer. (*Id.*)

Plaintiffs filed their complaint on November 11, 2017 in the United States District Court in the Southern District of California. (*Id.* at 1.) Plaintiffs seek to add Dassault Systemes Simulia Corp. ("Dassault") as a defendant, due to Defendant Wave Six's merger with Dassault in October 2017. (Doc. No. 47-1 at 3.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

/ / /

## III. DISCUSSION

Plaintiff contends that Defendant will not suffer any prejudice and the amendment is not based on bad faith or undue delay. (Doc. No. 47-1 at 7.) Further, counsel for Defendant Wave Six has identified in previous documents that Wave Six was merged into Dassault and stated the case caption would be corrected. (Doc. No. 24-1 at 1.) Plaintiffs are not seeking to add additional operative facts. (Doc. No. 47-1 at 10.)

### A. Futility of Amendment *Foman* Factor

Defendants' primary opposition to the proposed amendments center on the factor of futility. (Doc. No. 49 at 4.) Defendants allege that Plaintiffs' amendments if granted would be futile because Plaintiffs refer to both Wave Six and Dassault as "Wave Six" where applicable in the proposed First Amended Complaint, creating confusion and ambiguity. (Doc. No. 47-3 at 49.)

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground [s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04–1358, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quotation omitted).

Defendants contend that Plaintiffs' use of "Wave Six" as a reference to both Wave Six and Dassault creates confusing and ambiguous allegations. (Doc. No. 49 at 4.) Therefore, Defendants assert, the Plaintiffs' proposed First Amended Complaint fails to give each defendant fair notice of their claim against each party. (*Id.* at 6.) Plaintiffs assert the complaint is sufficient to inform each Defendant of Plaintiffs' claims against them and the Court agrees. Under California Corporations Code § 1107(a), "the separate existence of the disappearing corporations ceases [upon merger] and the surviving corporation . . .

shall be subject to all the debts and liabilities of each in the same manner as if the surviving corporation had itself incurred them." Because Dassault and Wave Six merged in October 2017, Dassault is now subject to the liabilities that Wave Six incurred. Thus, Plaintiffs' proposed amendments reasonably group Dassault together with Wave Six. Accordingly, the Court finds the Plaintiff has sufficiently given notice without confusion to the Defendants of their claim against each party for the purpose of leave to file an amended complaint.

B.   Undue Delay *Foman* Factor

Defendant also contends that ESI unreasonably delayed in filing its motion. (Doc. No. 49 at 6.) "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Although Wave Six merged with Dassault in October 2017, Plaintiffs filed their Complaint in November 2017 without mention of Dassault. (*See generally* Doc. No. 1.) However, Plaintiffs claim that Defendants informed them of the merger after the original Complaint was filed. (Doc. No. 47-1 at 2.) Additionally, Defendants addressed the merger in their motion to dismiss in January 2018, stating the entities named would be corrected. (Doc. No. 24-1 at 1.) Because Defendants have not yet taken actions to correct the entities named, Plaintiffs reasonably move to amend. Plaintiffs also first attempted to seek Defendants' concurrence to the proposed amendments in November 2018. (Doc. No. 47-3, Ex. 4 at 104.)

Moreover, this is the first time Plaintiff has sought leave to amend his complaint. Discovery has not yet commenced, and the amendments do not change the parties' position. Thus, finding that there is no evidence that Plaintiffs delayed in bringing this motion, this factor weighs in favor of granting leave to amend. *See Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (holding that undue delay is delay that "prejudices the nonmoving party or imposes unwarranted burdens on the court.").

/ / /

4

17-CV-02293-AJB-MSB

### C. The Remaining *Foman* Factors

Defendants do not raise the remaining *Foman* factors. However, the Court finds the majority of the remaining factors support granting leave to amend.

First, there is no indication that Plaintiff seeks amendment in bad faith. *See Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006).

As to prejudice, the factor that carries the "greatest weight" among the five *Foman* factors, *Eminence Capital, LLC*, 316 F.3d at 1052, the Court finds that Plaintiffs have not altered or transformed the causes of action pled in their complaint in comparison with their proposed amended complaint. (*See generally* Doc. No. 47-3 at 47–94.) As the allegations that led up to their claims remain the same, Defendants would not be substantially prejudiced by amendment; nor does the opposition brief argue that it will suffer prejudice if amendment is granted. Thus, this factor weighs in favor of granting leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (noting that the party opposing amendment "bears the burden of showing prejudice."); *see also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (finding that mere addition of new claims in a proposed amended complaint is insufficient to support denial under Rule 15); *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding that when an amendment merely incorporates alternative theories using existing facts, it falls safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities). In sum, the *Foman* factors weigh in favor of granting leave to amend.

## V. CONCLUSION

For the foregoing reasons, and in the interests of judicial economy, Plaintiffs' motion for leave to amend is **GRANTED**. Plaintiffs must file an amended complaint on or before **June 7, 2019**.

**IT IS SO ORDERED**.

Dated: May 24, 2019

Hon. Anthony J. Battaglia
United States District Judge

5