UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ESI GROUP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAVE SIX, LLC., et al.,<br><br>Defendants. | Case No.: 17cv2293-AJB(MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO CONTINUE SCHEDULING ORDER DEADLINES [ECF NO. 79]**<br><br>**AND**<br><br>**(2) AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |
|---|---|

On September 5, 2019, the parties filed a "Joint Motion for Continuance and Extension of Scheduling Order Deadlines." (ECF No. 79.) They ask the Court to continue all remaining dates in the Scheduling Order by sixty days. (Id. at 2.) In support, the parties state that this is a complex case, they require additional time to complete document production, and "anticipate numerous deposition to be taken once document production is complete." (Id.) The parties also list their proposed dates. (See ECF No. 79-2 at 2-8.)

Having considered the joint motion and finding good case, the Court **GRANTS IN PART** the motion. After consulting with the chambers of District Judge Battaglia, the Court amends its Scheduling Order as follows:

1. The parties must disclose the identity of their respective experts in writing by **December 13, 2019**. The date for the disclosure of the identity of rebuttal experts must be on or before **December 31, 2019**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. On or before **February 3, 2020**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **February 18, 2020**.

**4. Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All fact discovery shall be completed by all parties on or before **November 8, 2019**. All expert discovery must be completed by all parties on or before **March 13, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and

response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be filed within **30 days** of the event giving rise to the dispute. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts. If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

6. A Mandatory Settlement Conference shall be conducted on **November 18, 2019**, at **1:30 p.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, Suite 3145, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: On or before **November 11, 2019**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.     **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

7. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **May 14, 2020**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

8. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **August 20, 2020**.

9. This order replaces the requirements under Civ. L. R. 16.1.f.6.c. No Memoranda of Law or Contentions of Fact are to be filed.

10. The parties must meet and confer on or before **August 27, 2020** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

11. Objections to Pre-trial disclosures must be filed no later than **September 3, 2019**.

12. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **September 10, 2020**.

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **September 17, 2020**, at **2:00 p.m.**

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

17. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum will exceed ten (10) pages without leave of a district judge. Briefs

///
///
///
///
///
///

and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: September 10, 2019

Honorable Michael S. Berg
United States Magistrate Judge